Bruce Salzburg
Attorney General

Jay Jerde
Deputy Attorney General

123 State Capitol
Cheyenne, Wyoming 82002
Telephone: (307)777-3406
Facsimile: (307)777-3542

Attorneys for Plaintiff State of Wyoming

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| STATE OF WYOMING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 07-CV-017B |
| | ) | |
| UNITED STATES DEPARTMENT OF AGRICULTURE, et al., | ) ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| WYOMING OUTDOOR COUNCIL, et al., | ) ) | |
| | ) | |
| Intervenors. | ) | |

_____

**PLAINTIFF STATE OF WYOMING'S RESPONSE TO DEFENDANT-INTERVENORS' RULE 62(c) MOTION FOR SUSPENSION OF INJUNCTION PENDING APPEAL**
_____

Plaintiff, the State of Wyoming ("State"), through undersigned counsel, hereby responds to the "Rule 62(c) Motion for Suspension of Injunction Pending Appeal" filed by Defendant-Intervenors Wyoming Outdoor Council, The Wilderness Society, Sierra Club, Biodiversity Conservation Alliance, Pacific Rivers Council, Natural Resources Defense Council, Defenders of Wildlife, and National Audubon Society (collectively "WOC") on September 2, 2008.

## PROCEDURAL BACKGROUND

In January 2001, the Federal Defendants promulgated the Roadless Area Conservation Rule ("2001 Roadless Rule"). 66 Fed. Reg. 3244-3273 (Jan.12, 2001). In May 2001, the State filed a complaint in this Court, alleging that the 2001 Roadless Rule was promulgated in violation of numerous federal statutes, including the National Environmental Policy Act ("NEPA") and the Wilderness Act. (*See* Civ. Docket # 01-CV-86-B, Doc. No. 1). On July 14, 2003, this Court permanently enjoined the 2001 Roadless Rule because the rule was promulgated in violation of NEPA and the Wilderness Act. *Wyoming v. United States Dep't of Agric.*, 277 F.Supp.2d 1197, 1239 (D. Wyo. 2003) (cited as *"Roadless I"*).

In July 2003, WOC appealed this Court's decision to the Tenth Circuit Court of Appeals, but the Federal Defendants did not participate in the appeal. After this appeal had been fully briefed and argued before the Tenth Circuit panel, the Federal Defendants promulgated a new rule to govern management of inventoried roadless areas ("State Petitions Rule"). 70 Fed. Reg. 25654-25663 (May 13, 2005). The Tenth Circuit panel subsequently held that *Roadless I* was moot because the State Petitions Rule superceded the 2001 Roadless Rule. *Wyoming v. U. S. Dep't of Agric.,* 414 F.3d 1207, 1213 (10th Cir. 2005).

Several states and numerous environmental groups challenged the propriety of the State Petitions Rule in the California district court. In October 2006, the California district court held that the State Petitions Rule was promulgated in violation of NEPA and the Endangered Species Act. *California ex rel. Lockyer v. U. S. Dep't of Agric.*, 459 F.Supp.2d 874, 919 (N. D. Cal. 2006). In October 2006, the California district court reinstated the 2001 Roadless Rule and

enjoined the Forest Service "from taking any further action contrary to the [2001] Roadless Rule without undertaking environmental analysis consistent with this opinion." *Id*.

In January 2007, the State renewed its challenge to the 2001 Roadless Rule. (*See* Dckt. Doc. No. 1). In its Complaint, the State again asserted that the Federal Defendants promulgated the 2001 Roadless Rule in violation of the NEPA, the Wilderness Act, and other federal laws. (*See Id*.). On August 12, 2008, this Court permanently enjoined the 2001 Roadless Rule because the rule was promulgated in violation of NEPA and the Wilderness Act. *Wyoming v. U.S. Dep't of Agric.*, 2008 WL 3397503, at *36-37 (D.Wyo. Aug. 12, 2008). On August 13, 2008, WOC appealed this Court's decision to the Tenth Circuit. (Dckt. Doc. No. 115).

## STANDARD OF REVIEW

WOC asks this Court to stay the permanent injunction of the 2001 Roadless Rule pending appeal pursuant to Rule 62(c). To obtain the requested stay, WOC must: (1) show that, absent a stay, WOC will be irreparably injured; (2) show that issuing the stay will not substantially injure the other parties interested in the proceeding; (3) show that the public interest lies in favor of issuing the stay; and (4) make a strong showing that it likely will succeed on the merits of the appeal. *See Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).

## ARGUMENT

**I.     The Defendant-Intervenors are not entitled to stay pursuant to Rule 62(c).**

**A.     Irreparable Injury**

To satisfy the irreparable injury factor, WOC must show that its alleged injury is: (1) great, and not merely serious or substantial; (2) actual, as opposed to theoretical; and (3) certain. *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003). To establish that the alleged injury is certain, WOC "'must show that the injury complained of is of such *imminence* that there is a clear and present need for equitable relief to prevent irreparable harm.'" *Heideman*, 348 F.3d at 1189, *quoting Prairie Band of Potawatomi Indians v. Pierce*, 253 F.3d 1234, 1250 (10th Cir. 2001) (emphasis in original).

WOC contends that if the stay is not issued, then potential oil and gas development projects in North Dakota and "throughout the western United States" and the proposed expansion of a phosphate mine in Idaho will cause irreparable injury to its interests. (Dckt. Doc. No. 134, at 10-15). However, the evidence submitted by WOC does not show that the potential oil and gas development projects and the proposed expansion of the phosphate mine are of such imminence that a stay is necessary to prevent irreparable injury to WOC.

With respect to the North Dakota projects, WOC has submitted evidence which purportedly proves that five applications for permits to drill in roadless areas in North Dakota have been filed. (Dckt. Doc. No. 134, at 11, *citing* Ex. 6 at ¶ 10 & attachs.; Ex. 3, attach. A). However, WOC has not submitted any evidence to show: (1) when the federal approval of the applications for permits to drill and the associated surface use plans likely will occur; (2) when the companies likely will begin the projects after the required federal approvals have been obtained; and (3) that the projects will actually impact areas that were subject to the 2001 Roadless Rule.

With respect to the potential oil and gas development projects "throughout the western United States," WOC has submitted evidence which purportedly proves that the Bureau of Land Management ("BLM") has issued oil and gas leases within roadless areas in the western United States. (Dckt. Doc. No. 134, at 13, *citing* Ex. 7 at ¶5 & attach.). However, WOC has submitted no evidence to show that any applications for permits to drill have been filed in connection with these leases, let alone to show when the projects might start and that they might actually impact areas that were subject to the 2001 Roadless Rule.

With respect to the proposed expansion of the phosphate mine in Idaho, WOC relies on the Declaration of Judy Riede as evidence which purportedly proves that the Forest Service and the BLM approved the proposed expansion in June 2008 and that the project could begin within months. (Dckt. Doc. No. 134, at 14, *citing* Ex. 4 at ¶ 6). Ms. Riede is a member of the Sierra Club, The Wilderness Society, and the Natural Resources Defense Council. (Dckt. Doc. No.

134, Ex. 4 at ¶ 2). In paragraph 6 of her Declaration, Ms. Riede states that the approval of the proposed mine expansion "is subject to administrative appeal, with implementation scheduled to occur in the fall of 2008." (Dckt. Doc. No. 134, Ex. 4 at ¶ 6). In addition to being inadmissible hearsay evidence, this statement in no way proves that the start of work on the proposed mine expansion is imminent or that the project will actually impact areas that were subject to the 2001 Roadless Rule.

Viewed in its totality, the evidence WOC has submitted in support of its request for stay does not prove that the injuries it claims will occur if the stay is not issued are "of such *imminence* that there is a clear and present need for equitable relief to prevent irreparable harm." *See Heideman*, 348 F.3d at 1189 (emphasis in original) (citation and internal quotations marks omitted). Accordingly, WOC's request for a stay must be denied because it has not shown that it will suffer irreparable injuries if the stay is not issued.

**B.     Substantial Injury to Non-Moving Parties**

WOC argues that issuing the stay will not harm the State because "neither this Court nor the State of Wyoming has pointed to any projects necessary to protect [the State's] interests that would be halted or delayed by the [2001] Roadless Rule if the [permanent] injunction were stayed, much less any projects whose suspension could cause irreparable harm during the period necessary to resolve WOC's appeal." (Dckt. Doc. No. 134, at 16) (emphasis in original). This argument fails as a matter of law for two reasons.

First, WOC has not addressed whether parties to this case other than the State will suffer substantial injury if the stay is issued. The Federal Defendants, Plaintiff-Intervenor Colorado Mining Association, and at least 10 Amici Curiae each may suffer substantial injury if this Court issues the stay. WOC is not entitled to a stay because it has not shown that these other interested parties will not suffer substantial injury if the stay is issued.

WOC's failure to addressed the possible substantial injuries to the other interested parties in this case notwithstanding, the State will suffer substantial injury if the stay is issued because

the State will continue to be subjected to a federal administrative rule that twice has been found to be illegally promulgated. Contrary to WOC's argument on this issue, this Court need only find that the State and the other interested parties may suffer substantial injury if the stay is issued, not that the interested parties will be irreparably injured.

C.     **Where the Public Interest Lies**

In assessing where the public interest lies, this Court must evaluate what impact, if any, the issuance of the stay will have on non-parties. *See Bernhardt v. Los Angeles County*, 339 F.3d 920, 931 (9th Cir. 2003). The public interest factor embodies the judicial tenet that "'in exercising their sound discretion, courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction.'" *Bernhardt*, 339 F.3d at 931-32, *quoting Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982).

In this case, the public interest indisputably lies in favor of denying the request for a stay. In May 2005, the Federal Defendants promulgated the State Petitions Rule to govern management of roadless areas. *See* 70 Fed. Reg. 25654-25663 (May 13, 2005). In the Federal Register notice for the State Petitions Rule, the Federal Defendants explained that

> the Department [of Agriculture] has concluded that the 2001 [Roadless Rule's] inflexible "one-size-fits-all" nationwide rulemaking approach is flawed and there are better means to achieve protection of roadless area values. The Department [of Agriculture] wishes to make its intent clear that should all or any of [the State Petitions Rule] be set aside, the Department [of Agriculture] does not intend that the [2001 Roadless Rule] be reinstated, in whole or in part.

70 Fed. Reg. at 25656.

The foregoing passage in the Federal Register notice for the State Petitions Rule unambiguously shows that the Federal Defendants do not intend to continue to follow the roadless area management policies embodied in the 2001 Roadless Rule. If this Court were to issue a stay, then the 2001 Roadless Rule would remain in effect by judicial fiat even though the Federal Defendants have determined that the roadless area management policies embodied in the

2001 Roadless Rule should not be followed. The issuance of a stay thus would be contrary to the paramount public interest in giving effect to the constitutionally mandated separation of powers between the judicial branch and the executive branch of the federal government. *See Nixon v. Fitzgerald*, 457 U.S. 731, 754 (1982) (maintaining the proper balance of the separation of powers is a broad public interest).

### D.     Strong Showing of Likelihood of Success on the Merits

Generally, to satisfy the likelihood of success factor, WOC must make a strong showing that it has "a reasonable probability" of succeeding on the merits of its appeal. *See Atchison, Topeka, & Sante Fe Ry. Co. v. Lennen*, 640 F.2d 255, 261 (10th Cir. 1981). However, if WOC makes the required showing on the other three stay factors, then WOC "need only raise 'questions going to the merits so serious, substantial, difficult and doubtful as to make them a fair ground for litigation and thus for more deliberate investigation' to satisfy the requirement of showing a likelihood of succeeding on the merits." *Kenai Oil & Gas Inc. v. Dep't of the Interior of the U.S.*, 671 F.2d 383, 385 (10th Cir. 1982), *quoting Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980).

WOC contends that it "has raised substantial legal questions going to the merits of its claims." (Dckt. Doc. No. 134, at 10). However, this lesser burden of proof applies only if WOC has established the other three factors for issuing a stay, which it has not. Accordingly, WOC's request for a stay must be denied because WOC has not shown that that it has "a reasonable probability" of succeeding on the merits.

Even if this Court were to evaluate WOC's request under the lesser standard of proof, WOC likely will not succeed on its appeal because it does not have standing to prosecute the appeal. Article III limits the subject matter jurisdiction of the federal courts to deciding "cases" and "controversies." *Diamond v. Charles,* 476 U.S. 54, 61 (1986). The Article III case-or-controversy requirement encompasses the doctrine of standing. *See Arizonans for Official English v. Arizona,* 520 U.S. 43, 64 (1997) (standing). To satisfy the Article III standing

requirements, WOC must demonstrate that: (1) it has suffered an invasion of a legally protected interest which is concrete and particularized, and actual or imminent, not conjectural or hypothetical ("injury in fact"); (2) the injury fairly can be traced to the challenged action of the defendant; and (3) it is likely that the injury will be redressed by a favorable decision from the appellate court. *Bd. of County Comm'rs of Sweetwater County v. Geringer,* 297 F.3d 1108, 1112 (10th Cir. 2002).

The United States Supreme Court was confronted with a similar standing issue in *Diamond v. Charles*. In *Diamond,* four physicians sued numerous State of Illinois officials in federal district court challenging the constitutionality of a state abortion statute. The trial court permitted Diamond, a pediatrician engaged in private practice in Illinois, to intervene as a defendant in the case. The trial court permanently enjoined enforcement of several sections of the abortion statute. The federal court of appeals affirmed the entry of the permanent injunction. Although the State defendants did not appeal the decision of the federal court of appeals, Intervenor-Defendant Diamond appealed the decision to the United States Supreme Court.

In dismissing the appeal for want of jurisdiction, the *Diamond* Court held that Intervenor-Defendant Diamond lacked standing to defend the abortion statute because, as a private individual, he had no right to compel the State of Illinois to enforce the abortion statute. *Diamond,* 476 U.S. at 64-65, 71.  Intervenor-Defendant Diamond also lacked standing because he had no direct stake in defending the standards embodied in the abortion statute. *Diamond,* 476 U.S. at 65. The *Diamond* Court explained that "'the power to create and enforce a legal code, both civil and criminal[,]' is one of the quintessential functions of a [s]tate. Because the [s]tate alone is entitled to create a legal code, only the [s]tate has the kind of 'direct stake' identified in *Sierra Club v. Morton* ... in defending the standards embodied in that code." *Diamond,* 476 U.S. at 65 (citation omitted).

WOC's appeal presents the Tenth Circuit panel with facts very nearly on point with the facts in *Diamond.* In *Diamond,* an intervenor-defendant sought to appeal a lower court decision

invalidating a state statute even though the state elected not to appeal the lower court decision. In this case, WOC is an Intervenor-Defendant and seeks to appeal this Court's decision invalidating a federal regulation, even though the Federal Defendants have not yet, and likely will not, appeal this Court's decision. Given the factual similarities between *Diamond* and this case, *Diamond* is binding precedent which precludes WOC from pursuing its appeal.

If the Federal Defendants do not appeal this Court's decision, then it is reasonable to infer that they acquiesce in the decision because they will have elected not to defend the validity of the 2001 Roadless Rule. In their appeal, WOC seeks to have the Tenth Circuit panel reestablish the 2001 Roadless Rule as law nationwide. WOC therefore is asking the Tenth Circuit panel to compel the Federal Defendants to enforce the 2001 Roadless Rule. For the reasons articulated in *Diamond,* WOC lacks standing to compel the Federal Defendants to enforce the 2001 Roadless Rule.

WOC also lacks standing to pursue its appeal because WOC has no "direct stake" in defending the 2001 Roadless Rule. The "injury in fact" prong requires WOC to produce admissible evidence to show that they have a "direct stake" in the outcome of the litigation. *Diamond,* 476 U.S. at 62, *quoting Sierra Club v. Morton, 405* U.S. 727,740 (1972). WOC's appeal is simply an effort to compel the Federal Defendants to promulgate a regulation in accord with WOC's interests. The Federal Defendants alone have the authority to promulgate the 2001 Roadless Rule and, therefore, only the Federal Defendants have a "direct stake" in defending the roadless area management policies embodied in the 2001 Roadless Rule. WOC thus has no direct stake in defending the 2001 Roadless Rule and, as a result, WOC lacks standing to appeal this Court's decision if the Federal Defendants do not appeal the decision.

The lack of standing to pursue the appeal notwithstanding, WOC also has not shown that it has raised questions going to the merits which are serious or substantial enough to satisfy the likelihood of success factor. In an attempt to satisfy the lesser standard of proof for showing that it likely will succeed on the merits, WOC cites two cases for the proposition that a stay pending

appeal can be important. (Dckt. Doc. No. 134, at 9, *citing Schrader v. Idaho Dep't of Health & Welfare*, 768 F.2d 1107 (9th Cir. 1985) *and Wyoming Farm Bureau Fed'n v. Babbitt*, 987 F.Supp. 1349, 1376 (D.Wyo. 1997)). The cases WOC relies on are factually distinguishable from this case and completely irrelevant to the question of whether a stay should be issued in this case. WOC also makes the conclusory statement that it has raised substantial legal questions going to the merits of its claims, but WOC does not articulate these alleged substantial legal questions in the Rule 62(c) motion. WOC thus has not shown that it has satisfied the lesser standard of proof on the likelihood of success on the merits factor.

## CONCLUSION

WOC has not shown that it is entitled to stay pursuant to Rule 62(c). Accordingly, this Court should deny the "Rule 62(c) Motion for Suspension of Injunction Pending Appeal" in its entirety.

DATED this 12th day of September, 2008.

Attorney for Plaintiff State of Wyoming

/s/ Jay Jerde
Jay Jerde (State Bar No. 6-2773)
Deputy Attorney General
123 State Capitol
Cheyenne, WY 82002
(307) 777-6946    (307) 777-3542 (fax)
jjerde@state.wy.us

9

**CERTIFICATE OF SERVICE**

       I hereby certify that on this 12th day of September, 2008, the foregoing Plaintiff State of Wyoming's Response to the Defendant Intervenors' Rule 62 (c) Motion For Suspension of Injunction Pending Appeal was electronically filed through the CM/ECF system, which caused the following parties to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

Barclay T. Samford
U.S. Department of Justice
Environmental & Natural Resources Div.
1961 Stout Street, 8th Floor
Denver, CO 80294
Attorney for Defendant
clay.samford@usdoj.gov

Andrew E. Hartsig
James S. Angell
Earthjustice Legal Defense Fund
1400 Glenarm Place, Suite 300
Denver, CO 80202
Attorneys for Intervenor Defendants
ahartsig@earthjustice.org

Douglas L. Honnold
Timothy J. Preso
Earthjustice Legal Defense Fund
209 South Willson Avenue
Bozeman, MT 59715
Attorney for Intervenor Defendant
dhonnold@earthjustice.org
tpreso@earthjustice.org

Paul M. Seby
Moye White LLP
1400 16th Street, Sixth Floor
Denver, CO 80202
Paul.seby@moyewhite.com

Harriet M. Hageman
Hageman & Brighton, P.C.
222 E. 21st Street
Cheyenne, WY 82001
hhageman@hblawoffice.com

Paul A. Turcke
Moore Smith Buxton & Turcke, Chartered
950 West Bannock Street, Suite 520
Boise, Idaho 83702
pat@msbtlaw.com

Reed Zars
910 Kearney Street
Laramie, WY 82070
rzars@lariat.org

Claudia Polsky
State of California Department of Justice
1515 Clay Street
P. O. Box 70550
Oakland, CA 94612
Claudia.Polsky@doj.ca.gov

Candace F. West
Attorney General's Office
State of Montana
215 No. Sanders
P.O. Box 201401
Helena, MT 59620-1401
cwest@mt.gov

Stephen R. Farris
Assistant Attorney General
Director, Water, Environment and Utilities Division
New Mexico Attorney General's Office
P.O. Drawer 1508
Santa Fe, NM 87504
sfarris@ago.state.nm.us

Judith Ann Moore
Assistant Attorney General
Water, Environment and Utilities Div.
New Mexico Attorney General's Office
P.O. Drawer 1508
Santa Fe, NM 87504
Amoore@ago.state.nm.us

David E. Leith
1162 Court Street NE
Salem, Oregon 97301
David.leith@doj.state.or.us

William Perry Pendley
Mountain States Legal Foundation
2596 South Lewis Way
Lakewood, CO 80227
wppendley@mountainstateslegal.com

Scott Horngren
Haglund Kelley Horngren Jones & Wilder
1800 One Main Place
101 SW Main Street
Portland, OR 97204-3226
horngren@hk-law.com

John Charles Schumacher
Law Office of John Schumacher
420 East Washington Ave.
Riverton, WY 82501
john.schumacher@windriverlaw.com

Brent R Kuntz
Hathaway & Kunz
PO Box 1208
Cheyenne, WY 82003-1208
bkunz@hkwyolaw.com

Steven W. Strack
Deputy Attorney General
Office of the Attorney General
Natural Resources Division
P.O. Box 83720
Boise, Idaho 83720-0010
Steve.strack@ag.idaho.gov

Keith Burron
Associated Legal Group L.L.C.
1807 Capitol Ave., Suite 203
Cheyenne, WY 82001
kburron@associatedlegal.com

          /s/ Jay Jerde
          Wyoming Attorney General's Office

Cc (via U.S. Mail):   10th Circuit Court of Appeals